# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **THE LANDS COUNCIL, a Washington nonprofit corporation and FRIENDS OF THE CLEARWATER, an Idaho nonprofit corporation, the ECOLOGY CENTER, a Montana nonprofit corporation, and EUGENE and MOLLIE EASTMAN, individuals**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**JONI PACKARD, District Ranger of the Powell Ranger District in the Clearwater National Forest, in her official capacity as District Ranger; LARRY DAWSON, Forest Supervisor of the Clearwater National Forest, in his official capacity as the Forest Supervisor; and U.S. FOREST SERVICE, an agency of the United States,**<br><br>**Defendants.** | CASE NO: CV05-210-N-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above-entitled matter is Plaintiffs' Expedited Motion for a Stay of Order Denying Preliminary Injunction and Request for Injunction Pending Appeal (Docket No. 12). The Court issued it Memorandum Decision and Order (Docket No. 11) on June 3, 2005 which denied Plaintiffs' request for injunctive relief regarding the Wendover Fire Salvage Categorical Exclusion ("CE") Project ("Wendover CE Project") on the Powell Ranger District in the Clearwater National Forest. The Court held the Plaintiffs had failed to show "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits." Miller v. California Pac. Medical Ctr., 19 F.3d 449, 456 (9th Cir. 1994). While Plaintiffs claim the Court failed to deny Plaintiffs' claim of irreparable harm, this is an incorrect

MEMORANDUM DECISION & ORDER-Page 1
05ORDERS\Lands_stay05-210.WPD

interpretation of the Court's expedited ruling. The Court specifically found Plaintiffs had failed to satisfy either test for a temporary restraining order or preliminary injunction, therefore impliedly ruling Plaintiffs had failed to establish irreparable harm.

The motion for stay was filed on June 3, 2005. The Defendants filed their response to the motion for stay on the morning of June 7, 2005 and indicate that the proposed logging has already begun (99% of trees felled in Unit 2; 75% in Unit 1 and 25% in Unit 3) with helicopter removal to begin June 9, 2005 and the salvage operation is expected to be completed by June 24, 2005.

Pursuant to Fed. R. App. P. 8(a), a motion for stay must ordinarily be filed in the district court before seeking relief from the Ninth Circuit. Plaintiffs rely on their briefing filed in the case to support a stay and injunctive relief. In reviewing applicable case law, it appears to the Court that the Ninth Circuit currently recognizes two standards for injunctions pending appeal. Accordingly, this Court will analyze Plaintiff's motion under each standard.[1]

In 1977, the Ninth Circuit held that the considerations in determining whether to grant or deny an injunction pending appeal are three-fold: (1) whether the movants established a strong likelihood of success on the merits; (2) whether the balance of irreparable harm favor the movants; and (3) whether the public interest favor granting the injunction. See Warm Springs, 565 F.2d at 551. Despite this apparent three-fold test, the Ninth Circuit recognizes that "the latter criteria merge into a single equitable judgment in which the environmental concerns of the movants must be weighed against the societal interests which will be adversely affected by granting the relief requested, a process which

---

[1] While the parties strongly argue the existence of significant differences between the two standards, the Court finds that the essential elements of each standard are the same. This Court finds that the significant difference between the Warm Springs standard and the Lopez standard appears to be the possible degree of success on the merits required of the movant to demonstrate. In Warm Springs, the movant is required to demonstrate a *strong* likelihood of success on the merits, see Warm Springs Dam Task Force, et. al. v. Gribble, 565 F.2d 549, 551 (9th Cir. 1977) (emphasis added), while the Lopez standard only requires a *likelihood* of success on the merits see Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983) (emphasis added). Accordingly, with regard to the element of degree of success on the merits, the Court will view Plaintiffs' claims in light of both the more stringent Warm Springs standard and the lesser Lopez standard.

must be significantly affected by the realities of the situation." See id. This Court will view the factors accordingly.

On the other hand, the Ninth Circuit has also held that the standard for an injunction pending appeal is the same as the standard for a preliminary injunction pursuant to Fed. R. Civ. P. 65. See Lopez, 713 F.2d at 1435. In order to obtain a preliminary injunction, the Ninth Circuit has held that a movant must demonstrate "either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." Saga Enterprises, Ltd. v. Accoladed, Inc., 977 F.2d 1510, 1517 (9th Cir. 1993) (quoting Johnson Controls, Inc. v. Phoenix Control Systems, Inc. 886 F.2d 1173, 1174 (9th Cir. 1989)).

In support of it's motion for injunction pending appeal and for likelihood of success on the merits, Plaintiffs argue the issues presented in this litigation have significant merit, and should be given the chance to be reviewed by the Ninth Circuit. While this Court does not dispute Plaintiffs' right to appeal their case to the Ninth Circuit, Plaintiffs' assertion of success on the merits is insufficient to support a motion for injunction pending appeal. Plaintiffs have failed to assert any new arguments in support of their claims. Rather, Plaintiffs have restated the arguments previously raised in support of their motion for temporary restraining order and/or a preliminary injunction. Because the Court reviewed, and rejected, those claims and arguments at the time it ruled on the motion for temporary restraining order and/or preliminary injunction, the Court declines the invitation to revisit those same issues. Accordingly, this Court finds that, under either the more burdensome Warm Springs standard or the lesser Lopez standard, Plaintiffs have failed to meet its' burden of success on the merits.

Plaintiffs argue that they will suffer irreparable harm if an injunction pending appeal is denied because "the undeveloped characteristics of the roadless area will irreversibly and irretrievably impacted." Docket No. 13 at 4. In Amoco Production Co. v. Village of Gambell, 480 U.S. 531, 107 S.Ct. 1396 (1987), the Supreme Court explained:

MEMORANDUM DECISION & ORDER-Page 3
05ORDERS\Lands_stay05-210.WPD

> Environmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e., irreparable. If such injury is sufficiently likely, therefore, the balance of harms will usually favor the issuance of an injunction to protect the environment.

480 U.S. at 545. However, there is not an automatic presumption that in every case where environmental injury is alleged that an injunction is appropriate. Rather, Plaintiffs must still demonstrate that some environmental injury is "sufficiently likely" in order for the balance of hardships to tip in their favor. See id. In the instant action, the Court concluded that Plaintiffs had not presented evidence that Defendants' activities were in violation of the law. In fact, in its previous order, this Court found that the Defendant Forest Service had complied with the requirements for a categorical exclusion for the salvage project. See Docket No. 11. Additionally, this Court concluded that the cutting of timber in the Wendover CE Project would not result in irreparable environmental harm as alleged in this action. Any cutting in Units 1 and 3 would not impact the future roadless or wilderness designation of the alleged 5,000 acres the Plaintiffs are hoping will be designated as inventoried roadless or wilderness in the future. Accordingly, in the Court's view, Plaintiffs have not demonstrated that environmental harm is sufficiently likely or that irreparable harm will be incurred.

In addition to environmental preservation, there are other public interests at stake in this action. The salvage timber project is small, but it allows the Forest Service and the logging community to receive some economic benefit from the fire-burned timber before such timber is valueless. The District Ranger issued the Decision Memo on March 25, 2005. The Plaintiffs waited until May 25, 2005 to file their lawsuit. By waiting to file their Complaint, Plaintiffs have forced an expedited review by this Court and weakens the irreparable harm arguments of Plaintiffs. See Shaffer v. Globe Protection, 721 F.2d 1121, 1123 (7th Cir. 1983) (preliminary injunction denied where plaintiff waited two months).

Despite Plaintiffs' general public interest allegations in environmental preservation, Plaintiffs have failed to establish that their interests outweigh the interests of other parties. Plaintiffs' interests are not the only interests involved in the management of public lands and this Court will not presume that Plaintiffs have satisfied their burden simply because of the environmental nature of the case. Here, despite the general allegations of public interest, the Court finds that Plaintiffs have failed to

MEMORANDUM DECISION & ORDER-Page 4
05ORDERS\Lands_stay05-210.WPD

demonstrate that some environmental injury is "sufficiently likely." The impact on the view from Lewis Clark historical Lolo trail is minimal and the work will be completed prior to the peak usage of the trail during the Lewis Clark celebration. Moreover, the Forest Service is not allowing any activity under the contracts during the estimated peak visitation time in August and September (based on permit requests). Accordingly, the Court finds that the balance of hardships does not tip in Plaintiffs' favor.

In conclusion, the Court finds that Plaintiffs have failed, pursuant to the <u>Warm Springs</u> standard, to establish either a strong likelihood of success on the merits or environmental concerns adversely affected. Furthermore, the Court finds that Plaintiffs have failed, pursuant to <u>Lopez</u>, to establish either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in Plaintiffs' favor. Accordingly, the Court does not find a stay of its Memorandum Decision and Order (Docket No. 11) is appropriate and the request for stay of the order and an injunction pending appeal (Docket No. 12) is **DENIED**.

DATED: **June 7, 2005**

Honorable Edward J. Lodge
U. S. District Judge